IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | |
|---|---|
| FRANCINE E. BAILEY, DONALD L. BAILEY, ROBERTA SCHUTZ, and TECHIA and FAXON SCHUTZ, minors,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>SOUTHWEST MONTANA DRUG TASK FORCE, an agency of the State of Montana (DTF); BUTTE SILVER BOW UNIFIED GOVERNMENT (BSB), et al.,<br><br>　　　　　Defendants. | CV 07-31-BLG-RFC-CSO<br><br>**FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE and ORDER** |

　　　Plaintiffs Francine E. Bailey, Donald J. Bailey, Roberta Schutz, Techia Schutz, and Faxon Schutz ("Plaintiffs") initiated this action in Montana's Second Judicial District Court, Silver Bow County, alleging that certain Defendants harmed them while searching for and attempting to apprehend an alleged fugitive.

1

*Cmplt.* (*Court's Doc. No. 7*) *at 2-9*.

Now pending before the Court are the following motions listed in the order in which the parties filed them:

1. Butte Silver Bow Unified Government's (BSB's) Motion to Dismiss or Alternatively for a More Definite Statement (*Court's Doc. No. 3*);

2. The State of Montana's Joinder in Butte Silver Bow's Motion to Dismiss or Alternatively for a More Definite Statement (*Court's Doc. No. 8*); and

3. Plaintiffs' Motion to Remand (*Court's Doc. No. 13*).

## I. BACKGROUND

Plaintiffs generally allege that some of the Defendants, through their actions, violated Plaintiffs' rights under federal and state law, the United States Constitution, and the Constitution of the State of Montana.  Specifically with respect to federal law, Plaintiffs cite 42 U.S.C. §§ 1983, 1985, and 1988, as well as the Fourth and Fourteenth Amendments to the United States Constitution.  All of Plaintiffs' claims stem from some Defendants' alleged acts with respect to searching for and attempting to apprehend an alleged fugitive.

On May 16, 2007, BSB removed the action to this Court pursuant to 28 U.S.C. §§ 1331 and 1441(b) (Court's Doc. No. 1). BSB removed the action on the basis that this Court has original jurisdiction over the Plaintiffs' claims for relief that appear to be founded on a claim or right arising under the Constitution or laws of the United States.

## II. DISCUSSION

### A. Plaintiffs' Motion to Remand

Plaintiff's motion to remand is without merit and will be denied. Plaintiffs' Complaint, on its face, seeks redress under 42 U.S.C. § 1983 for alleged violations of rights secured by the U.S. Constitution. Federal courts have original jurisdiction over claims arising under laws of the United States, such as 42 U.S.C. § 1983. 28 U.S.C. § 1331 (granting district courts original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States"). Because federal courts have such jurisdiction, BSB properly removed the action to federal court. 28 U.S.C. § 1441(a) (authorizing removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction").

Also, although federal courts have discretion to decline to exercise supplemental jurisdiction over State law claims, the Court's exercise of supplemental jurisdiction in this case is proper. 28 U.S.C. § 1367(a) and ©. Plaintiffs' federal and state claims all derive from some of the Defendants' alleged conduct in searching for and apprehending an alleged fugitive, apparently in or near Plaintiffs' residences. See Brady v. Brown, 51 F.3d 810, 816 (9th Cir. 1995). Also, none of the four situations delineated in section 1367© provides a basis for

remanding a federal claim properly removed under 28 U.S.C. § 1441(a), and Plaintiffs have pointed to no other reason why this action was not properly removed.

The Court concludes that BSB's removal of this action was proper, and will deny Plaintiffs' motion to remand.

### B. *BSB and the State of Montana's Motions to Dismiss or Alternatively for a More Definite Statement*

Having reviewed Plaintiffs' Complaint, the Court agrees with Defendants that the Complaint, as drafted, is deficient. A complaint must set forth the specific facts upon which Plaintiffs rely in claiming the liability of each Defendant. Fed. R. Civ. P. Rule 8(a)(2); Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Even a liberal interpretation of a civil rights complaint may not supply essential elements of a claim that Plaintiffs failed to plead initially. Id. at 268. For example, in order to establish liability pursuant to 42 U.S.C. § 1983, a plaintiff must set forth facts demonstrating how each defendant caused or personally participated in causing a deprivation of the plaintiff's protected rights. Arnold v. IBM Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).

Here, aside from alleging the acts of a few named individuals, Plaintiffs have wholly failed to set forth facts indicating how each and every named Defendant caused or personally participated in causing the alleged deprivation of Plaintiffs' protected rights. Thus, their Complaint is

4

deficient.

Also, it appears from the record that Plaintiffs failed to respond to Defendants' motions.  Under the Local Rules of this Court, the "[f]ailure to file a [response] brief by the adverse party shall be deemed an admission that the motion is well taken."  L.R. 7.1(I).

Dismissal is a harsh remedy to address the pleading defects described herein.  The Court believes that the more appropriate course of action at this juncture in the proceedings is to allow Plaintiffs the opportunity to amend their Complaint to attempt to rectify the deficiencies noted above.  Accordingly,

Based on the foregoing,

**IT IS ORDERED** that Plaintiffs' Motion to Remand (*Court's Doc. No. 13*) is DENIED.  Also,

**IT IS RECOMMENDED** that BSB's Motion to Dismiss or Alternatively for a More Definite Statement (*Court's Doc. No. 3*) and the State of Montana's Joinder in Butte Silver Bow's Motion to Dismiss or Alternatively for a More Definite Statement (*Court's Doc. No. 8*), treated herein as a Motion to Dismiss or Alternatively for a More Definite Statement, be DENIED to the extent that each motion seeks dismissal, but GRANTED to the extent that each motion seeks a more definite statement from Plaintiffs.

**IT IS FURTHER RECOMMENDED** that, should the Court accept the

foregoing recommendation, the Plaintiffs be ordered to file, by a date certain, an Amended Complaint that will operate as a complete substitute for, rather than a mere supplement to, the originally filed Complaint.  The Amended Complaint should fully comply with Fed. R. Civ. P. 8 and 10, and with Local Rule 10.  Also, the Court should order that the Amended Complaint not incorporate any part of the original Complaint by reference, and be clearly designated as the "Amended Complaint."

**NOW, THEREFORE, IT IS ORDERED** that the Clerk of Court shall serve a copy of the Findings and Recommendation and Order on Plaintiffs' counsel.  Plaintiffs are advised that, pursuant to 28 U.S.C. § 636(b)(1), any objections to the Findings and Recommendation must be filed with the Clerk of Court within ten (10) days after receipt hereof, or objection is waived.

DATED this 14th day of August, 2007.

/S/ *Carolyn S. Ostby*
Carolyn S. Ostby
United States Magistrate Judge