FILED
BILLINGS DIV.

2007 NOV 7 AM 8 12

PATRICK E. DUFFY, CLERK
BY _____
        DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## BUTTE DIVISION

| | |
|---|---|
| FRANCINE E. BAILEY, DONALD L. BAILEY, ROBERTA SCHUTZ, and TECHIA and FAXON SCHUTZ, minors,<br><br>        Plaintiffs,<br><br>vs.<br><br>SOUTHWEST MONTANA DRUG TASK FORCE, an agency of the State of Montana (DTF); BUTTE SILVER BOW UNIFIED GOVERNMENT (BSB), et al.,<br><br>        Defendants. | CV 07-31-BU-RFC-CSO<br><br>**FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE and ORDER** |

Plaintiffs Francine E. Bailey, Donald J. Bailey, Roberta Schutz, Techia Schutz, and Faxon Schutz ("Plaintiffs") initiated this action in Montana's Second Judicial District Court, Silver Bow County, alleging that certain Defendants harmed them while

1

searching for and attempting to apprehend an alleged fugitive. *Cmplt.* (*Court's Doc. No. 7*) *at 2-9.*

Now pending before the Court are the following motions listed in the order in which the parties filed them:

1.  The State of Montana's Motion to Dismiss Amended Complaint (*Court's Doc. No. 26*);

2.  Butte-Silver Bow Unified Government's Motion to Dismiss Plaintiff's Amended Complaint (*Court's Doc. No. 28*).

## I.   **BACKGROUND**

Plaintiffs generally allege that some of the Defendants, through their actions, violated Plaintiffs' rights under federal and state law, the United States Constitution, and the Constitution of the State of Montana. Specifically with respect to federal law, Plaintiffs cite 42 U.S.C. §§ 1983, 1985, and 1988, as well as the Fourth and Fourteenth Amendments to the United States Constitution. All of Plaintiffs' claims stem from some Defendants' alleged acts with respect to searching for and attempting to apprehend an alleged fugitive.

On May 16, 2007, BSB removed the action to this Court pursuant to 28 U.S.C. §§ 1331 and 1441(b) (Court's Doc. No. 1). BSB removed the action on the basis that this Court has original jurisdiction over the Plaintiffs' claims for relief that appear to be founded on a claim or right arising under the Constitution or laws of the United States.

On September 5, 2007, the Court issued an order granting BSB's Motion for More Definite Statement (Court's Doc. No. 3), which was joined by the State, and ordering Plaintiffs to file an Amended Complaint which:

> (1)   Operates as a complete substitute for, rather than a
> mere supplement to, the originally filed Complaint;

2

(2)    fully complies with Fed. R. Civ. P. 8 and 10, and with Local Rule 10;

(3)    does not incorporate any part of the original Complaint by reference; and

(4)    is clearly designated as the "Amended Complaint."

*Ord. Adopting F&R of U.S. Mag. Judge (Court's Doc. No. 21) at 2-3.*

Plaintiffs filed their First Amended Complaint (*Court's Doc. No. 25*) on September 20, 2007. Plaintiffs make some additions to their initial Complaint. The initial paragraph, titled "Jurisdiction" has been changed to allege that all parties were and are residents of Montana, that Plaintiffs and several individual defendants were residents of Butte-Silverbow, and that Joseph Mazurek ("Mazurek") was Attorney General and Chief of Narcotics Bureau and Lois Menzies ("Menzies") was Director of Administration for Montana and a mandatory party. *First Amend. Cmplt. at 2 ("Cmplt.")*

Next, Plaintiffs have added a section titled "Scene of Offenses." Here, Plaintiffs allege that their residences are in poor section of town, and that Defendants were aware most residents in the area had little money and it was "not uncommon" for a single mother to live here. *Id.* Plaintiffs allege Defendants Don Kelley and the BSB officers knew or should have known Plaintiff Roberta Schutz was a single mother, and that Shane Walton, whom they sought on warrants, had lived with Schutz, and did not have a criminal history involving violence or firearms. *Id. at 2-3.* Plaintiffs allege none of the Defendants would "dream[] of busting into" homes in more affluent "country club" parts of town. *Id. at 3.* Plaintiffs conclude that "the actions and failures of the DOC and BSB" Defendants in not following proper procedure constituted a deprivation of Plaintiffs' federal and state constitutional rights. *Id.*

Plaintiffs' final additional section is titled "Causation." Here Plaintiffs allege that,

3

through a conspiracy under 42 U.S.C. § 1985(3), they have all been deprived of equal protection of laws, and "equal privileges and immunities under the law...." *Id.* Plaintiffs allege all female plaintiffs have gender-based animus claims against the defendants because none of the defendant officers would have "crashed" into Plaintiffs' homes if "they were occupied by regularly employed males." *Id.* Finally, Plaintiffs allege the Attorney General omitted to train the defendant officers on when to obtain search warrants, and this omission of a legally required act caused the Plaintiffs' constitutional deprivations. *Id. at 4.* Plaintiffs state that all Defendants, with the exception of Lois Menzies, omitted to perform legally required acts. *Id.*

The remainder of the First Amended Complaint, pages four through ten, repeats verbatim the Original Complaint at pages two through nine, with the exception of two legally insignificant words.[1]

## II. **Parties' Arguments**

The State urges that the Amended Complaint be dismissed with prejudice pursuant to Rules 8(a), 12(e) and 41(b), Fed.R.Civ.P., because the Amended Complaint does not comply with the Court's Order of September 5, 2007. *Memo. in Supp. of State's Mtn. to Dismiss (Court's Doc. No. 27) at 1.* The State argues Plaintiffs' modifications add only a vague narrative alleging conspiracy under 42 U.S.C. § 1985, based on gender animus and socio-economic status. *Id. at 2.* The State further argues that Plaintiffs give no basis for suing Menzies. Also, the State claims Mazurek is not a proper defendant because no factual allegation involves any employee of the Montana Department of Justice, and because there is no respondeat superior liability under 42

---

[1]The First Amended Complaint at page 9 drops the words "Wehrmacht style" from the phrase "heavy Wehrmacht style jack boots ..." found at page 7 of the original Complaint.

4

U.S.C. § 1983. The State finally asserts that the remainder of Plaintiffs' Amended
Complaint is a rambling narrative violating Rules 8 and 10, Fed. R .Civ. P.

The State argues that the Amended Complaint should be dismissed with
prejudice, based on Plaintiffs' repeated failures to follow state and federal court rules
and McHenry v. Renne, 84 F.3d 1172 (9th Cir. 1996).

BSB argues in favor of dismissal with prejudice under Rule 12(b)(6), Fed. R. Civ.
P. *Br. of BSB in Supp. of Mot. to Dismiss Amend. Cmplt. (Court's Doc. No. 29) at 3.*
BSB argues Plaintiffs have failed to comply with the Court's order in that Plaintiffs do
not state a cognizable claim for relief against BSB according to Rule 8(a), Fed. R. Civ. P.
*Id. at 2.* BSB states there are no allegations showing how BSB caused Plaintiffs'
alleged injuries under any § 1983 legal theory. *Id.*

BSB argues Plaintiffs have failed to comply with the Court's order, and have now
failed to adequately plead  claims against BSB six times, four in Montana District Court
and twice in this Court. *Id.* BSB states that the orders of dismissal entered in State
Court bear a presumption of regularity. *Id. at 4.* Finally, BSB argues the Amended
Complaint should be dismissed with prejudice because BSB has been obligated to
respond to Plaintiffs' deficient Complaints five times in the past six years, each time
incurring expense, and it is by now clear Plaintiffs cannot state a claim against BSB. *Id.*

Plaintiffs respond that they have adequately pleaded their case against all
defendants.[2] *Pls.' Response to Mtns. to Dismiss (Court's Doc. No. 30) at 2.*  Plaintiffs
argue they have set forth specific facts showing how each named Defendant caused a
deprivation of their protected rights. *Id.*  Plaintiffs' argument largely reiterates their

---

[2]In addition to this response, Plaintiffs filed Documents 32 and 33, termed
"Errata" and "Response to Reply" respectively.  These documents were filed without
leave of Court in violation of L.R. 7(g), and thus were not considered by the Court.

Amended Complaint, along with explanation as to the Complaint's sufficiency. *Id. at 3-8.* Plaintiffs also note the legal standard for dismissal for failure to state a claim, which requires that it appear beyond a doubt that they can prove no set of facts entitling them to relief. *Id. at 4.* Finally, Plaintiffs argue from cases cited by Defendants that the Amended Complaint is sufficient in that it alleges specific facts which caused the deprivation of Plaintiffs' rights. *Id. at 6-8.*

In its reply, the State argues Plaintiffs fail to address their lack of compliance with the Court's order in their briefing. *Reply Br. in Support. of Mot. to Dismiss (Court's Doc. No. 34) at 1.* The State argues Plaintiffs fail to state a claim under 42 U.S.C. § 1985 (3), and demonstrate a pattern of noncompliance with applicable rules. *Id. at 2.* The State reiterates its position that there is no claim against Menzesies. *Id.* The State also argues it and Mazurek in his official capacity are immune from suit, and that § 1983 liability will not lie against Mazurek under a *respondeat superior* theory. *Id. at 2-3.*

BSB replies that Plaintiffs have repeatedly failed to cure the deficiencies in their Complaint, justifying dismissal with prejudice because further opportunity to amend would be futile. *Reply Br. of BSB in Support of Mot. to Dismiss (Court's Doc. No. 31) at 2-3.*

## III. DISCUSSION

Motions to dismiss for failure to state a claim may not be granted unless the plaintiff can prove no set of facts which would entitle him to relief. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 338 (9th Cir. 1996). The Court must take all allegations of material fact as true and construe them in the light most favorable to the plaintiffs. Big Bear Lodging Ass'n v. Snow Summit, Inc., 182 F.3d 1096, 1101 (9th Cir. 1999). See

6

also Bell Atlantic Corp. v. Twombley, 127 S.Ct. 1955, 1964-65 (2007). A complaint may be dismissed without leave to amend only "when it is clear that the complaint cannot be saved by further amendment." Big Bear Lodging Ass'n, 182 F.3d at 1101 (*citing* Dumas v. Kipp, 90 F.3d 386, 389 (9th Cir. 1996)).

Here, aside from the familiar Rule 12 (b)(6) motion to dismiss, the State urges dismissal pursuant to Rules 8(a), 12(e), and 41(b), which involve slightly different standards. A complaint may be dismissed under Rule 41(b) if it fails to comply with a judge's order, pursuant to a motion for a more definite statement, Rule 12(e), which specifies what detail is required for the complaint. McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996). Likewise, a complaint which fails to comply with Rule 8(a) may be dismissed, with prejudice, under Rule 41(b). Nevijel v. North Coast Life. Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981). Dismissal is a harsh remedy, and the court "should first consider less drastic alternatives, but need not exhaust them all before finally dismissing the case." Id. at 1178 (quotations omitted).

Here, Plaintiffs attempt to comply with the Court's order, and have achieved some improvement, but the Amended Complaint remains deficient. Plaintiffs' additions to the Amended Complaint do make factual allegations indicating how at least some of the Defendants caused the deprivation of Plaintiffs' rights. Plaintiffs were specifically directed to fully comply with Rules 8 and 10, Fed. R. Civ. P., however, and have not done so. The Amended Complaint's paragraphs are not organized and numbered as Rule 10(b) requires. The Amended Complaint also does not comply with Rule 8 to the extent it contains irrelevant factual embellishment and legal argument. The Court finds that the Amended Complaint must be dismissed as to certain claims and Defendants because of deficiencies which could not be overcome by amendment, or because of

7

repeated failure to state a claim. The Court also finds, however, that the Amended Complaint states a claim for relief in some respects, as explained below. In keeping with the mandate to construe the pleadings "as to do substantial justice," Fed. R. Civ. P. 8(f), the Court finds portions of the Amended Complaint should not be dismissed despite noncompliance with the Court's order and applicable rules.[3]

## a.   **Plaintiffs' § 1985 Claims**

Plaintiffs allege the Defendants conspired to deprive them of their rights to equal protection of laws and the privileges and immunites of law. "Section 1985 proscribes conspiracies to interfere with certain civil rights." Karim-Panahi v. LAPD, 839 F.2d 621, 626 (9th Cir. 1988). A plaintiff must allege specific facts; an unsupported allegation of conspiracy is insufficient to state a § 1985 claim. Id.

Here, Plaintiffs' conspiracy allegation is not supported by any specific facts showing conspiracy. Also, it is unclear to which Defendants this allegation is directed. Plaintiffs, who are represented by counsel, have had two attempts to plead conspiracy in this Court, and despite instruction from the Court have failed to state a claim. Dismissal of Plaintiffs' § 1985 conspiracy claim with prejudice is appropriate in light of this repeated failure, and the resulting burden on Defendants.   See McHenry, 84 F.3d at 1178-79.

## b.   **Plaintiff's § 1983 Claims against the State, Mazurek, Menzies and BSB**

Plaintiffs bring a § 1983 claim for deprivation of legally protected rights against the State, BSB, and Mazurek and Menzies in both their individual and official capacities. Eleventh amendment immunity bars § 1983 claims against the State or any state official

---

[3]In future pleadings, all counsel are expected to comply fully with the local rules. The rules are designed to permit the Court to handle pending cases fairly and efficiently and parties are required to comply.

8

in his or her official capacity. See Fla. Dep't of Health v. Fla. Nursing Home Ass'n, 450 U.S. 147, 150 (1981). Further, the State and its officials are not "persons" subject to suit within the meaning of § 1983. Will v. Mich. Dept. State Police, 491 U.S. 58, 71 (1989). Section 1983 claims may lie against State officials in their individual capacities where the other requirements for stating a claim are met. Plaintiffs must allege these officials, acting under color of state law, deprived Plaintiffs of rights protected by federal law. Karim-Panahi, 839 F.3d at 624. Plaintiffs are required to set forth facts demonstrating how each defendant caused or personally participated in causing a deprivation of Plaintiffs' protected rights. Arnold v. IBM Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). Finally, Section 1983 claims may lie against a municipality where it is shown the alleged unconstitutional action was taken pursuant a formal policy of the municipality, or the unconstitutional action was taken pursuant to governmental custom. Monell v. Dept. Soc. Services, 436 U.S. 658, 690-91 (1978). The doctrine of *respondeat superior* is not, however, available in § 1983 actions. Id. at 691-92.

Plaintiffs' § 1983 claims against the State, and Mazurek and Menzies in their official capacities fail because the State cannot be sued under § 1983, cannot be saved by future amendment, and should be dismissed with prejudice.

Additionally, Plaintiffs present no facts that could support a claim for liability against either Mazurek or Menzies in their individual capacities. Plaintiffs base their claims against Menzies on the fact she formerly was the person to be served process when serving the State. This fact provides no basis for individual liability under § 1983. The facts alleged against Mazurek, if true, could amount to a *respondeat superior* claim, which is not available in § 1983 actions. Supervisory liability is the nearest cognizable § 1983 claim to what Plaintiffs seem to allege against Mazurek, but even

9

taking the facts plead as true, Mazurek's role falls far short of what must be demonstrated for supervisory liability. See Motley v. Parks, 383 F.3d 1058, 1067 (9th Cir. 2004). Plaintiffs' individual capacity § 1983 claims against Mazurek and Menzies cannot be saved by amendment and should be dismissed with prejudice.

Finally, Plaintiffs have not alleged their constitutional rights were violated due to the policy or custom of BSB. Plaintiffs have alleged no facts indicating BSB has a policy or custom of violating constitutional rights. At this point it is fair to conclude that Plaintiffs' § 1983 claims against BSB and any employees of BSB in their official capacities cannot be saved by future amendment and thus should be dismissed with prejudice.

## c. Plaintiffs' § 1983 Claims against those State and BSB Officers allegedly present at 625 and 627 S. Wyoming St.

To state a claim under § 1983, Plaintiffs must allege that Defendants, acting under color of state law, deprived Plaintiffs of rights protected by federal law. Karim-Panahi, 839 F.3d at 624. Plaintiffs are required to set forth facts demonstrating how each defendant caused or personally participated in causing a deprivation of Plaintiffs' protected rights. Arnold, 637 F.2d at 1355.

The Amended Complaint is not artful, but under the liberal construction required by the Federal Rules of Civil Procedure, Plaintiffs have stated a § 1983 claim against those State and BSB officers who personally participated in the alleged entry of the residences at 625 and 627 S. Wyoming Street. Thus, the § 1983 claims against these officers, in their individual capacities, should not be dismissed.

## IV.   CONCLUSION

Based on the foregoing,

**IT IS RECOMMENDED** that the State of Montana's Motion to Dismiss (*Court's*

*Doc. No. 26*) and BSB's Motion to Dismiss (*Court's Doc. No. 28*) be GRANTED, with prejudice, as to the § 1983 claims against the State, BSB, Mazurek, Menzies, and any individual in his or her official capacity, and as to Plaintiffs' § 1985 claims, but DENIED as to the individual capacity § 1983 claims against those State or BSB officers who allegedly personally participated entering Plaintiffs' homes.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk of Court shall serve a copy of the Findings and Recommendation and Order on Plaintiffs' counsel. All parties are advised that, pursuant to 28 U.S.C. § 636(b)(1), any objections to the Findings and Recommendation must be filed with the Clerk of Court within ten (10) days after receipt hereof, or objection is waived.

DATED this 7th day of November, 2007.

Carolyn S. Ostby
United States Magistrate Judge

11